UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 3:12-cr-00009-HDM-VPC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| MICHAEL ALAN DOIEL, | |
| Defendant. | |

Defendant Michael Alan Doiel moves, *pro se*, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 72).[1] The government has opposed (ECF No. 75). The defendant has not filed any reply, and the time for doing so has expired.

On December 20, 2012, the defendant entered into a binding plea agreement by which he agreed to plead guilty to one count of possession with intent to distribute a controlled substance and one count of possession of stolen explosive materials. (ECF No. 60). The defendant was thereafter sentenced to a term of 120 months on the first count and a consecutive term of 75 months on the second count. (ECF No. 65). According to the Bureau of Prisons inmate locator, the defendant has a current projected release date of November 30, 2025. *See* https://www.bop.gov/inmateloc/ (last accessed Aug. 3, 2020).

---

[1] Pursuant to General Order 2020-06, the Federal Public Defender filed a notice of non-supplementation (ECF No. 73) on June 12, 2020.

1

**Standard**

A defendant may seek compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>     (1)(A) extraordinary and compelling reasons warrant the reduction;

---

[2] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because the defendant is not at least 70 years old and has not served more than thirty years in prison, this provision does not apply.

. . .

      (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

      (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

A defendant is not entitled to be present for any hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

## Analysis

The defendant seeks compassionate release due to the COVID-19 pandemic, his underlying health conditions, and the conditions in his institution, FMC Forth Worth. The government opposes, arguing that the motion is unexhausted. The government further argues that the defendant's medical records do not establish that he has a condition or combination of conditions that elevates his risk for COVID-19 complications and there are not therefore extraordinary and compelling reasons for his early release.

### A. Exhaustion

Before a defendant may file a § 3582(c)(1)(A) motion, he must either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier.

Although the defendant mailed a request for compassionate release to the warden of his institution on or about April 24, 2020, the warden has no record of receiving any request from the defendant. (ECF No. 72 at 29, 37; ECF No. 75 at 6). Further, the tracking number the defendant provides as proof of mailing does not indicate that the package he mailed was ever delivered. (ECF

No. 75 Ex. 2). There is not therefore any evidence that the defendant has exhausted his institutional remedies by waiting thirty days from the warden's receipt of his request or otherwise. However, it is unnecessary to resolve this issue because the defendant has failed to establish extraordinary and compelling reasons for his release, and the motion is therefore, at any rate, without merit.

**B. Extraordinary and Compelling Reasons**

The defendant asserts that the pandemic in combination with the conditions in his institution, which has an extremely high rate of coronavirus cases, and his underlying health conditions -- glaucoma, heart failure, nasal septal deviation, and "degenative [sic] of the actomloclavicular joint with joint effusion" (ECF No. 72 at 6-7) -- constitute extraordinary and compelling reasons for his release. The court disagrees.

Section 1B1.13 sets forth specific examples of "extraordinary and compelling reasons," including in relevant part that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). There is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

4

1       Extraordinary and compelling reasons do not exist in this

2   case. The defendant, who is 51, is not part of a higher-risk age

3   group. Although the defendant claims to have heart failure and

4   symptoms of high blood pressure, nothing in his medical records

5   supports this assertion. In fact, the records before the court

6   reflect only one arguably elevated blood pressure reading, but all

7   other readings are well within the normal range. (*See* ECF No. 77).

8   There is no other indication that defendant suffers from heart

9   disease or heart failure.  None of the other conditions identified

10  by the defendant are evident from his records, alone or in

11  combination, is recognized as a risk factor for COVID-19

12  complications.  Thus, despite the prevalence of positive COVID-19

13  cases in the defendant's institution, the defendant has not shown

14  that he has any condition or combination of conditions that would

15  put him at higher risk of COVID-19 complications should he contract

16  the virus. He has not therefore established extraordinary and

17  compelling reasons for his release.

18      In accordance with the foregoing, IT IS THEREFORE ORDERED

19  that the defendant's motion for compassionate release (ECF No. 72)

20  is DENIED.

21      IT IS SO ORDERED.

22      DATED: This 3rd day of August, 2020.

23

24                           _Howard D. McKibben_

25                           UNITED STATES DISTRICT JUDGE

26

27

28

5