UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br>MICHAEL ALAN DOIEL,<br><br>                Defendant. | Case No. 3:12-cr-00009-HDM-VPC<br><br>ORDER |

Defendant Michael Alan Doiel has filed a second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 82).[1] The government has opposed (ECF No. 84), and the defendant has replied (ECF No. 89). The defendant has also filed a "Motion to Produce Documentary Evidence" (ECF No. 88) and a "Notice of Supplemental Authority" (ECF No. 90).

On December 20, 2012, the defendant entered into a binding plea agreement by which he agreed to plead guilty to one count of possession with intent to distribute a controlled substance and one count of possession of stolen explosive materials. (ECF No. 60). The defendant was thereafter sentenced to a term of 120 months on the first count and a consecutive term of 75 months on the second count pursuant to the terms of the plea agreement. (ECF No.

---

[1] Pursuant to General Order 2020-06, the Federal Public Defender filed a notice of non-supplementation (ECF No. 83) on February 7, 2022.

1

65). According to the Bureau of Prisons inmate locator, the defendant has a current projected release date of December 13, 2025. *See* https://www.bop.gov/inmateloc/ (last accessed Mar. 14, 2022).

A defendant may seek compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

At the time U.S.S.G. § 1B1.13 was drafted to guide application of § 3582(c)(1)(a), only the warden of a defendant's institution could bring a motion for compassionate release. However, following the First Step Act, Pub. L. No. 115-391, Title VI, sec. 603(b)(1),

---

[2] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because the defendant is not at least 70 years old and has not served more than thirty years in prison, this provision does not apply.

2

§ 3582, 132 Stat. 5194, 5239 (2018), defendants may now bring such motions directly to the court. Section 1B1.13 has not been updated since the amendment. The Ninth Circuit has therefore concluded that the current version of § 1B1.13 is not applicable to § 3582(c)(1)(A) motions brought directly by a defendant, and, as such, is not binding on the court in this context. *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021). Nevertheless, the factors set forth in § 1B1.13 may inform the court's exercise of its discretion. *Id.* U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>     (1)(A) extraordinary and compelling reasons warrant the reduction;
>
>     . . .
>
>     (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>     (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

A defendant is not entitled to be present for any hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

Before an inmate may file a motion for relief pursuant to § 3582(c)(1)(A), he must first present his request to the warden of his institution. The motion may be filed in court after the "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his]

3

behalf" or 30 days have passed from the warden's receipt of his request, whichever is earlier. On or about December 27, 2021, the defendant mailed a request for compassionate release to the warden of his institution, FMC Fort Worth. (Mot. Ex. A). The government does not dispute that the defendant did so or that his motion is exhausted. The motion therefore appears to be exhausted.

The defendant advances three arguments to support his claim that extraordinary and compelling reasons for his early release exist. First, he argues that his parents are ill and unable to care for themselves. Second, he asserts that the BOP has failed to protect him from both vicious and debilitating attacks and COVID-19 and that he lives in fear of further attacks and medical complications from BOP's failure to treat symptoms caused by his contraction of COVID-19. Finally, he argues that he received a significantly higher sentence than he should have due to his attorney's ineffective assistance.

A. Parents' Medical Condition

The defendant asserts that his mother suffers from seropositive rheumatoid arthritis, osteoarthritis and spinal stenosis, which causes her to be in constant pain and unable to manage activities of daily living, and that his father suffers from stage 4 kidney disease, hyperlipidemia, chronic obstructive pulmonary disease, gastroesophageal reflex disease, obstructive sleep apnea, and membrane neuropathy. The government argues that the conditions of the defendant's parents do not rise to extraordinary and compelling reasons and that, even if they did, the defendant has at least two siblings who live near their parents. In reply, the defendant asserts, in conclusory fashion,

4

that his siblings have their own families and medical issues to take care of and are not "readily available" to assist with his parents' care.

The court does not find these circumstances to rise to the level of extraordinary and compelling reasons. While U.S.S.G. § 1B1.13 is not binding on the court, the court may consider the policy in rendering its decision. It is significant that while the notes to § 1B1.13 recognize early release may be warranted where a defendant must care for his minor child or incapacitated spouse, it does not recognize the same for a defendant's parents. Nevertheless, and more importantly, the defendant has not established that he is the only person capable of caring for his parents, particularly where his siblings reside nearby. The defendant's conclusory statement about his sibling's medical and family matters hardly comes close to establishing their inability to care for their parents. Accordingly, the court does not find this an appropriate basis for compassionate release.

B. BOP's Failure to Protect and Treat

The defendant argues that, in 2016, he suffered an attack by fellow inmates who beat him with "locks in socks," that resulted in extensive injuries, including a fractured eye socket, damage to his shoulder, recurring migraines, and liver problems. The defendant asserts that he is now blind in his right eye and that he did not receive surgery to repair his shoulder until 2021.

The defendant further asserts that as a result of contracting COVID-19 in 2020, he now suffers from worsened hypothyroidism, abnormal liver and kidney numbers, and glaucoma. The defendant asserts that BOP has not provided treatment for these conditions.

5

The government responds that the defendant received shoulder surgery in 2021 and expressed satisfaction with his treatment. (*See* ECF No. 86). The government further argues that the COVID-19 pandemic is not a basis for releasing the defendant where the defendant has twice refused the COVID-19 vaccination.

The defendant replies that while he is satisfied with the shoulder surgery, he endured five years of suffering before he received it, and his remaining conditions are still not being treated. The defendant argues that he has refused the Covid-19 vaccine based on his religious beliefs and because he has already contracted the virus and continues to suffer its consequences daily.

Other than his delayed shoulder surgery, the defendant is not specific as to what treatment he believes he should be receiving for his eye, thyroid, liver, kidney and other conditions but is not. The BOP's alleged failure to protect the defendant in the past is not a basis for releasing the defendant absent a clear indication of what exactly the institution should be doing to treat his resulting injuries. The potential of any future attacks or a severe covid infection is purely speculative, particularly in light of the fact that the defendant has already suffered a covid infection and the institution continues to take steps to protect the inmates from covid. The defendant's speculative and conclusory arguments do not therefore support early release.

C. Ineffective Assistance of Counsel

The defendant asserts his attorney was ineffective in several respects, including primarily in failing to argue that the defendant was eligible for the safety valve under 18 U.S.C. §

6

3553(f). He also argues that he was erroneously advised with respect to the mandatory minimum sentence for Count 2 and was told that his sentences must run consecutively when they could have run concurrently. The government responds that any ineffective assistance of counsel claims have long been waived.

The defendant's claims, cognizable under § 2255, are untimely under that statute. Nor has the defendant established that such claims are a proper basis for compassionate release under § 3582(c)(1)(A). But even if the claims were otherwise an appropriate basis for relief in this case, the defendant's claims are belied by the record.

The defendant faced a mandatory ten-year minimum sentence on Count One, the drug charge. The defendant claims he should have been eligible for the safety valve, which would have allowed the court to sentence below the statutory minimum, but his argument ignores that one condition of eligibility is that "the defendant did not . . . possess a firearm or other dangerous weapon . . . in connection with the offense." 18 U.S.C. § 3553(f)(2). The defendant possessed several firearms and C4 explosives material in connection with his drug offense. This fact precluded application of the safety valve in his case. Accordingly, counsel did not render deficient performance in failing to pursue the safety valve.

The plea agreement, which the defendant acknowledged at his change of plea he had read and understood, clearly indicates that no minimum sentence applied to the Count Two offense.

Finally, nothing in the plea agreement or the canvass of the defendant at his change of plea supports his contention that he was advised the sentences had to run consecutively.

7

In summary, the court is not persuaded that any of the factors argued by the defendant, alone or in combination, rise to the level of extraordinary and compelling reasons supporting his early release. Even if they did, early release is not warranted in light of the 18 U.S.C. § 3553(a) factors. The defendant, who despite falling into a criminal history category I, had significant prior contacts with the criminal justice system, possessed incredibly dangerous weapons, which he had stolen from a retired police officer's home. The binding plea deal allowed him to avoid both a potential life sentence and convictions on several additional counts charged in the superseding indictment. Considering all relevant conduct in this case, a sentence of 195 months remains necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to avoid unwarranted sentencing disparities. The court concludes that early release is not appropriate.

In accordance with the foregoing, IT IS THEREFORE ORDERED that the defendant's motion for compassionate release (ECF No. 82) is DENIED.

IT IS FURTHER ORDERED that the defendant's unopposed motion to produce documentary evidence (ECF No. 88) is GRANTED.

IT IS SO ORDERED.

DATED: This 11th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE